

FILED
JOHN P. HEHMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF OHIO
EASTERN DIVISION

2012 NOV -5 PM 12: 47

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

ROBERT J. FITRAKIS
1021 East Broad Street
Columbus, OH 43205,

      Plaintiff,

v.

JON HUSTED,
In his official capacity as
Ohio Secretary of State
30 East Broad Street
Columbus, OH 43215,

and

ELECTION SYSTEMS & SOFTWARE, INC.
c/o National Registered Agents, Inc., Statutory Agent
145 Baker Street
Marion, OH 43302,

      Defendants.

Case No. **2:12 cv 1015**

JUDGE FROST

MAGISTRATE JUDGE KEMP

### COMPLAINT FOR INJUNCTIVE AND MANDATORY RELIEF

<u>Jurisdiction and Venue</u>

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), 1651, 2201, and 2202.

2.  This Court also has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §1983.

3.  The plaintiff further invokes the supplemental jurisdiction of this Court over the his State law claims, pursuant to 28 U.S.C. §1367(a), because his State law claims are so related to the claims within

the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the plaintiff's claims, and the direct and immediate harm threatened to the plaintiff, arises in this judicial district.

Parties

5. Plaintiff Robert J. Fitrakis (hereinafter "Fitrakis") is a taxpayer who resides in the State of Ohio, and who is registered to vote in the State of Ohio.

6. Defendant Jon Husted (hereinafter "Husted) is the duly elected and presently serving Ohio Secretary of State. Pursuant to Ohio Rev. Code §3501.04, the defendant is the chief election official of the State of Ohio, and is responsible for the administration of state laws affecting voting and for assuring that elections in the state are conducted in accordance with the law.

7. Defendant Election Systems & Software, Inc. (hereinafter "ES&S") designs and provides state and local governments with hardware and software designed to record and tabulate votes cast in general and primary elections.

Facts

8. On or after September 18, 2012, defendant Husted entered into one or more contracts with defendant ES&S, under which ES&S provided Husted with hardware and software designed to record and tabulate the votes cast by Ohio voters in the General Election on November 6, 2012. Defendant ES&S acted as an agent of the State of Ohio under color of State law.

9.     The aforesaid contracts were approved and signed by Husted without opening them to public bidding, without public review, and without approval of the technology review board that must approve such contracts, all of which is required by Ohio law. Those contracts obligated defendant Husted to pay ES&S for such hardware and software using public funds raised from Ohio taxpayers, thereby exposing Ohio taxpayers to the cost and expense of contracts that defendant Husted entered into unlawfully.

10.    Pursuant to the aforesaid contracts, Husted accepted hardware and software from ES&S which he will use to record and tabulate votes cast by Ohio voters in the General Election on November 6, 2012. ES&S has installed a "back door" into such hardware and software that enables persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, to access the recording and tabulation of votes using facilities not under the control of defendant Husted or Ohio's boards of elections.

11.    There is an imminent risk that persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, will use the ES&S "back door" to access the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012 using facilities not under the control of defendant Husted or Ohio's boards of elections.

12.    Once they access the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012, the persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, will cause irreparable harm by using the ES&S "back door" from facilities not under the control of defendant Husted or Ohio's boards of elections to alter the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012.

First Claim for Relief:  Violations of 42 U.S.C. §1983

12.     The plaintiff restates each and every allegation contained in Paragraphs 1 through 11, inclusive, of this Complaint as if fully rewritten herein.

13.     The United States Constitution protects the right of all qualified citizens to vote in elections for federal office. The right to vote, one of the most important rights in our democratic society, is fundamental.  It is protected by Articles I and II of the United States Constitution, the First and Fourteenth Amendments, and numerous federal statutes.

14.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees qualified voters a substantive right to participate equally with other qualified voters in the electoral process. This equal right to vote is protected in more than the initial allocation of the franchise because equal protection applies to the manner of its exercise as well.

15.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees qualified voters a substantive right to vote as a protected liberty interest.

16.     There is an imminent risk that the plaintiff will be irreparably harmed by the defendants' conduct, described above, because votes he casts in the General Election on November 6, 2012 will be accessed and altered by persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, using facilities not under the control of defendant Husted or Ohio's boards of elections.

17.     The plaintiff's right to vote under the United States Constitution is protected by 42 U.S.C. §1983.

18.     By their conduct described above, the defendants have acted and will act to deny the plaintiff his right to vote guaranteed to him under the United States Constitution.

Second Claim for Relief:   Ohio Taxpayer's Action

20. The plaintiff restates each and every allegation contained in Paragraphs 1 through 19, inclusive, of this Complaint as if fully rewritten herein.

21. Any person may, in a private capacity as a citizen, elector, freeholder, or taxpayer, volunteer to enforce a right of action on behalf of and for the benefit of the public.

22. Where the question is one of public right and its object is to procure the enforcement of public duty, the public is regarded as the party in interest.

23. Defendant Husted, as a public official, has a duty to comply with Ohio law and not expend public funds without authorization.

24. The plaintiff has a clear legal right, as an Ohio taxpayer, to procure the enforcement of a public duty that is applicable to defendant Husted.

25. Defendant Husted has violated his duty not expend public funds without authorization by contracting with defendant ES&S as described above without opening such contracts to public bidding, without public review, and without approval of the technology review board that must approve such contracts, all of which is required by Ohio law.

26. The plaintiff has a clear legal right to enforce the duty of a public official not to expend public funds without authorization against defendant Husted.


WHEREFORE, plaintiff Robert J. Fitrakis demands judgment against defendant Jon Husted, in his official capacity as Ohio Secretary of State, and against defendant Election Systems & Software, Inc. as follows:

a. That this Court issue a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the defendants, their respective agents, servants, employees, attorneys, successors,

and all persons acting in concert with each or any of them, from using hardware or software that ES&S provided to Husted under the aforesaid contracts in order to record and tabulate votes cast by Ohio voters in the General Election on November 6, 2012.

b.  That this Court issue a writ of mandamus against defendant Husted ordering him to cancel any and all of the aforesaid contracts that he entered into with defendant ES&S, under which ES&S provided him with hardware and software designed to record and tabulate the votes cast by Ohio voters in the General Election on November 6, 2012, and further ordering him to open all such contracts to public bidding, public review, and approval of the technology review board.

c.  That this Court award the plaintiff his attorney fees and costs incurred in this action; and

d.  That this Court grant such other relief as this Court deems necessary or proper.

Respectfully submitted,

s/ *Clifford O. Arnebeck, Jr.*
_____
Clifford O. Arnebeck, Jr. (0033391)
Trial Attorney for Plaintiff
1021 East Broad Street
Columbus, OH 43205
Telephone: (614) 224-8771
E-Mail: clifford.arnebeck@gmail.com

Of Counsel:
Brett A. Colbert, Esq. (0088392)
1021 East Broad Street
Columbus, OH 43205
Telephone: (614) 595-8227
E-Mail: bac5665@gmail.com

## Certificate of Service

This is to certify that, in accordance with the requests of counsel for defendants when notified on Friday afternoon November 2, 2012, of the plaintiff's intent to file a complaint and seek a TRO hearing in this matter at the earliest practical time, a copy of the foregoing was delivered by Email to: Richard N. Coglianese, Esq. at Richard.Coglianese@ohioattorneygeneral.gov, counsel to the Ohio Secretary of State and Steven Forry, Esq. at steven.forry@icemiller.com and John Gilligan, Esq. at john.gilligan@icemiller.com, counsel to ES&S, at 8:30 AM this 5th day of November 5, 2012.

s/ Clifford O. Arnebeck, Jr.

Clifford O. Arnebeck, Jr.