IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF OHIO
EASTERN DIVISION



FILED
JOHN P. HEHMAN
CLERK

2012 NOV -5 PM 12: 48

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

ROBERT J. FITRAKIS,

    Plaintiff,

v.

JON HUSTED

and

ELECTION SYSTEMS & SOFTWARE, INC.,

    Defendants.

Case No. 2:12 cv 1015

JUDGE FROST

MAGISTRATE JUDGE KEMP

### MOTION FOR TEMPORARY RESTRAINING ORDER

Now comes plaintiff Robert J. Fitrakis and hereby moves this Court, pursuant to Civil Rule 65(A) for a temporary restraining order prohibiting the defendants, their respective agents, servants, employees, attorneys, successors, and all persons acting in concert with each or any of them, from using hardware or software that Election Systems & Software, Inc. provided to Jon Husted, in his official capacity as Ohio Secretary of State, pursuant to one or more contracts that they entered into on or after September 18, 2012, in order to record and tabulate votes cast by Ohio voters in the General Election on November 6, 2012.

Respectfully submitted,

s/ *Clifford O. Arnebeck, Jr.*

_____
Clifford O. Arnebeck, Jr. (0033391)
Trial Attorney for Plaintiff
1021 East Broad Street

Columbus, OH 43205
Telephone: (614) 224-8771
E-Mail: clifford.arnebeck@gmail.com

Of Counsel:
Brett A. Colbert, Esq. (0088392)
1021 East Broad Street
Columbus, OH 43205
Telephone: (614) 595-8227
E-Mail: bac5665@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF OHIO
EASTERN DIVISION

ROBERT J. FITRAKIS,

           Plaintiff,

v.

JON HUSTED                     Case No. _____

and

ELECTION SYSTEMS & SOFTWARE, INC.,

           Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

According to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The plaintiff's motion meets these requirements.

On or after September 18, 2012, defendant Jon Husted (hereinafter "Husted"), in his official capacity as Ohio Secretary of State, entered into one or more contracts with defendant Election Systems & Software, Inc. (hereinafter "ES&S") under which ES&S provided Husted with hardware and software designed to record and tabulate the votes cast by Ohio voters in the General Election on November 6, 2012. Defendant ES&S acted as an agent of the State of Ohio under color of State law.

Pursuant to the aforesaid contracts, Husted accepted hardware and software from ES&S which he will use to record and tabulate votes cast by Ohio voters in the General Election on November 6, 2012.  ES&S installed a "back door" into such hardware and software that enables persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, to access the recording and tabulation of votes using facilities not under the control of defendant Husted or Ohio's boards of elections.

There is an imminent risk that persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, will use the ES&S "back door" to access the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012 using facilities not under the control of defendant Husted or Ohio's boards of elections.  Once they access the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012, the persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, will cause irreparable harm by using the ES&S "back door" from facilities not under the control of defendant Husted or Ohio's boards of elections to alter the recording and tabulation of votes cast by Ohio voters in the General Election on November 6, 2012.

A vote tabulation system is not much different from a desktop personal computer. It consists of software and hardware. Ohio law requires testing and certification of such a system, which includes both hardware and software.  However, defendant Husted has not tested the system that defendant ES&S provided him to record and tabulate the votes cast by Ohio voters in the General Election on November 6, 2012.  The defendants may try to argue that this new system does not by itself tabulate votes, and is therefore immune from being tested as provided for by law.  They are wrong.

It alters the whole system. There is no objective proof that the new software will not adversely affect the existing software in some unforeseen way.  Almost every adult in the country has had experience with software packages that adversely interacted on their personal computers in unforeseen ways. There is no evidence that this will not happen here, other than the vendor's assurances in this case. Looking at the contract, the vendor agrees to test the software itself, at some later point in time.

There has been no examination of the software that gives any information as to what it does. The only persons who know exactly what this software does are ES&S' own programming staff.  Just because ES&S claims that this is "reporting software" which does not change the tabulation method does not mean that it its claim is true.  The law requiring testing and certification exists exactly because we do not make that kind of presumption.  The average adult does not install software on his computer without scanning it for viruses and malicious code. Yet defendant Husted has done so in this case simply because ES&S claims that there is no malicious code.  ES&S then claims that it does not need to check for malicious code because this installed software is not part of the tabulation system, when clearly it is.

The United States Constitution protects the right of all qualified citizens to vote in elections for federal office. The right to vote, one of the most important rights in our democratic society, is fundamental.  It is protected by Articles I and II of the United States Constitution, the First and Fourteenth Amendments, and numerous federal statutes.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees qualified voters a substantive right to participate equally with other qualified voters in the electoral process. This equal right to vote is protected in more than the initial allocation of the franchise because equal protection applies to the manner of its exercise as well.  The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees qualified voters a substantive right to vote as a protected liberty interest.

There is an imminent risk that Ohio voters will be irreparably harmed by the defendants' conduct, described above, because votes he casts in the General Election on November 6, 2012 will be accessed and altered by persons who are not under the supervision and control of defendant Husted, and who are not under the supervision and control of Ohio's boards of elections, using facilities not under the control of defendant Husted or Ohio's boards of elections.

Attached hereto are affidavits and certifications required by Fed. R. Civ. P. 65(b)(1)  It clearly appears from specific facts shown by the affidavits that immediate and irreparable injury, loss or damage will result to the plaintiff before the adverse party or his attorney can be heard in opposition.  Plaintiff's counsel has certified to the Court in writing the efforts which have been made to give notice and the reasons supporting his claim that notice should not be required.

For the foregoing reasons, this Court should issue a temporary restraining order prohibiting the defendants, their respective agents, servants, employees, attorneys, successors, and all persons acting in concert with each or any of them, from using hardware or software that Election Systems & Software, Inc. provided to Jon Husted, in his official capacity as Ohio Secretary of State, under the aforesaid contracts in order to record and tabulate votes cast by Ohio voters in the General Election on November 6, 2012.

Respectfully submitted,

s/ *Clifford O. Arnebeck, Jr.*

Clifford O. Arnebeck, Jr. (0033391)
Trial Attorney for Plaintiff
1021 East Broad Street
Columbus, OH 43205
Telephone: (614) 224-8771
E-Mail: clifford.arnebeck@gmail.com

Of Counsel:
Brett A. Colbert, Esq. (0088392)
1021 East Broad Street
Columbus, OH 43205
Telephone: (614) 595-8227
E-Mail: bac5665@gmail.com

## Certificate of Service

This is to certify that, in accordance with the requests of counsel for defendants when notified on Friday afternoon November 2, 2012, of the plaintiff's intent to file a complaint and seek a TRO hearing in this matter at the earliest practical time, a copy of the foregoing was delivered by Email to: Richard N. Coglianese, Esq. at  Richard.Coglianese@ohioattorneygeneral.gov, counsel to the Ohio Secretary of State and  Steven Forry, Esq. at steven.forry@icemiller.com and John Gilligan, Esq. at john.gilligan@icemiller.com, counsel to ES&S, at 8:30 AM this 5th day of November 5, 2012.

s/ *Clifford O. Arnebeck, Jr.*

_____

Clifford O. Arnebeck, Jr.